# SUPREME COURT.

### THE PEOPLE *ex rel.* MIRANDA MITCHELL agt. ISABELLA SIMPSON.

In *summary proceedings* to recover the possession of lands, the statute requires the *affidavit* to state the facts which warrant the removal of the occupant. These facts are, the *tenancy*, the *non-payment* of rent, and in case of sufferance, the *notice to quit*. (*The decision in People, &c. agt. Ulrich*, 2 Abb., 28, goes *quite far enough, and has opened a door to much oppression in these proceedings.*)

Where, in this case, the affidavit showed that the person sought to be charged as tenant, was in reality the owner, and had conveyed his title so that it had vested in the person claiming to be landlord, and that the latter became entitled to the possession of the premises, and that Mitchell became the tenant at sufferance *by reason of such transfers and assignments,*

*Held,* that if such a statement was sufficient to create a *tenancy,* it would scarcely be necessary to bring any actions to get possession of land from a former owner.

*New York General Term, July,* 1862.

INGRAHAM, LEONARD and BARNARD, *Justices.*

By the court, INGRAHAM, P. Justice. This case is submitted to us on *certiorari* to review proceedings under the statute for summary proceedings to recover possession of lands, &c.

The return shows the issuing of the summons on the 29th of January, 1862, about 10 A. M,, the service of the summons on some person on the premises whose name is not given, which was returnable at 12 M. of the same day, and judgment taken by default. Harsh and oppressive as this proceeding is in many instances, and uncertain as it is whether in this case any notice ever reached the relator before the order to expel her from the premises was granted, still, under the provisions of the statute, and the decisions which have been made thereon, the relator could have no relief on *certiorari* for these causes : That there may be reason, on or about the first of May, for so short a notice, may be. conceded, but that such haste is necessary,

unless it be for the purposes which appear to have been in view in this case, I can see no good cause for.

We are then left to inquire whether the affidavit on which the justice commenced the proceedings was sufficient to give him jurisdiction. This affidavit, after stating that the respondent became the owner of the premises for a term of years which had, prior to her title, been assigned by the relator to one of the prior holders of the lease, and that such lease had, by various assignments, been vested in the respondent, adds, " and that said Mitchell became a tenant at sufferance of said Isabella Simpson, and that said tenancy was terminated by a notice of one month," &c. It contains no allegation of a tenancy, nor any facts showing how any tenancy could exist. On the contrary, the facts set out show that Mitchell could not be a tenant, but was the assignor of the lease, who, after the assignment, had not given up the possession.

This is not a compliance with the statute. It was not intended and does not provide for obtaining the possession of lands in any cases except those in which the relation of landlord and tenant exists, and applies to no one but a tenant. The affidavit is to show the facts which authorize the removal of the tenant, before the magistrate is authorized to proceed. No such fact is shown in this affidavit, and there is not even the usual statement that the relator was the tenant of the premises, but merely that she became a tenant at sufferance of the respondent. That the respondent or person making the affidavit was unwilling to make any such affidavit as the statute requires, appears from the alterations made in the original affidavit.

We have been referred to the case of *The People ex rel. McGuire* agt. *Ulrich*, (2 *Abb.*, 28,) to sustain the sufficiency of this affidavit. In that case it is said that there is nothing in the statute requiring the particularity of stating the particular facts establishing the tenancy. The statute does require the affidavit to state the facts which warrant

the removal of the occupant. These facts are the tenancy, the non-payment of rent, and in case of sufferance, the notice to quit. It is quite as necessary to state the tenancy as the notice to quit, and I cannot assent to the doctrine that in these cases the landlord should not be required to show affirmatively that a tenancy does exist between him and the person in possession, before he can be removed.

But it is not necessary in this case to interfere with that decision, and being a decision of the general term it should be binding here. In the present case the affidavit does not go so far. In that case it is stated positively that McGuire was a tenant under the former owner, who conveyed to the relator. In the present case no such allegation is made, but on the contrary, the affidavit shows that the person sought to be charged as tenant was in reality the owner, and had conveyed her title so that it had vested in the person claiming to be landlord, and adds, that the respondent became entitled to the possession of the premises, and that Mitchell became the tenant at sufferance by reason of such transfers and assignments. If such a statement is sufficient to create a tenancy, it will scarcely be necessary to bring any actions to get possession of land from a former owner. It appears to me that instead of showing a tenancy, the affidavit shows that such relation does not exist. In *Benjamin* agt. *Benjamin*, (1 *Seld. R.*, p. 383,) McCoun, J., says : " To entitle a party to this summary remedy, it must appear that the relation is a conventional one, created by agreement, not by operation of law. The relation of landlord and tenant does not necessarily exist in many cases where the legal ownership is in one person and the possession in another, although by the express compact of the parties. It can only arise where he who is in possession has by some act or agreement recognized the other as his lessor or landlord, and taken upon himself the character of a tenant. If any other question than such as related to

the tenancy and to holding over is to be litigated, recourse must be had to an action and not to this proceeding."

The decision referred to in 2 *Abbott*, goes quite far enough, and has opened a door to much oppression in some of these proceedings. I do not feel willing to extend it any further.

The affidavit was defective, and the proceedings must be reversed and restitution ordered.